**Mario D. BELARDINO, Individually and as representative of a class similarly situated, Plaintiff,**

v.

**John M. MURPHY, Defendant.**

**No. 72 Civ. 4474.**

United States District Court, S. D. New York.

Oct. 30, 1972.

Coudert Brothers, New York City, for plaintiff; William Rand, New York City, of counsel.

Anthony J. DeMarco, Jr., Brooklyn, N. Y., for defendant.

WYATT, District Judge.

This is a motion by plaintiff for a preliminary injunction.

Plaintiff and defendant are candidates for Member of the House of Representatives from the 17th Congressional District, State of New York. The election is to be held on November 7, 1972 for the Congress to commence on January 3, 1972.

Defendant is presently a Member of the House of Representatives from the 16th Congressional District, State of New York. He was elected to the 92d Congress at the election held on November 3, 1970.

The 16th Congressional District includes all of Richmond County (Staten Island) and a part of Kings County (Brooklyn) but no part of New York County.

The New York legislature by a law effective March 28, 1972 changed the congressional districts in the State (L.1972 c. 76). The election of Members of the House of Representatives in New York for the 93d Congress will be from the new congressional districts.

The new 17th Congressional District includes all of Richmond County and a part of New York County (the lower part).

The New York legislature provided, however, that the congressional districts existing before the law took effect (March 28, 1972) "shall continue to be the congressional districts of the state until the expiration of the terms of the representatives in congress then in office . . . ". State Law, § 110.

Defendant is thus still the member of the House for the 16th Congressional District and will hold that office until January 3, 1973 (Constitution, 20th Amendment).

This action has two claims.

### 1.

■ The first claim is for an injunction to restrain defendant from representing that he is the legislative representative in Congress of those persons who live in New York County in what will be the new 17th Congressional District.

The difficulty here is that this Court has no jurisdiction of the claim. It does not arise under federal law. There is no diversity jurisdiction. There is no "pendent jurisdiction" (Wright, Federal Courts (2d ed.) pp. 62–65) and, even if there were, the Court would have discretion to decline to decide the State claim

(United Mine Workers v. Gibbs, 383 U. S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). This would be an appropriate case for declining to hear the State claim.

### 2.

The second claim is for violation of a federal law, namely, 39 U.S.C. § 3210, which confers the franking privilege on members of Congress for "official business".

■ The defendant, acting with candor, has conceded that he has mailed under his frank to residents of New York County in the new 17th Congressional District the material annexed to the moving Battaglino affidavit as Exhibits A through G. The mailing was either a "postal patron" mailing or in addressed envelopes. In either case, the mailing bore the legend "official business". The mailings in addressed envelopes were to those who had replied to an invitation, contained in a "postal patron" mailing, to send in their names and addresses to receive reports from defendant.

The materials mailed are not "public documents" under 39 U.S.C. § 3211.

While I accept that defendant acted in good faith and in the belief that the mailings were "official business", I conclude that they were not "official business" because they were sent to persons in New York County who are not at the present time constituents of the defendant. This result seems indicated by the decision of Judge Tone on September 15, 1972 in Hoellen v. Annunzio (N.D.Ill.), 348 F.Supp. 305, affirmed on October 20, 1972 by the Court of Appeals for the Seventh Circuit, 468 F.2d 522, and by the decision of Judge Garth on October 18, 1972 in Schiaffo v. Helstoski (D.N.J.), 350 F.Supp. 1076.

The plaintiff should have a preliminary injunction on his second claim. He has standing and his injury would otherwise be irreparable. The motion is accordingly granted to the extent indicated.

Settle order on notice, including provision for the giving of security.